UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9808 PA (ASx) | Date | April 15, 2024 |
|---|---|---|---|
| Title | David Winters v. West Oaks Housing LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

On February 8, 2024, the Court dismissed the original Complaint filed by plaintiff David Winters ("Plaintiff"), who is appearing pro se. After explaining the requirements for pleading an FHA claim and claims sounding in fraud, the Court provided Plaintiff with leave to amend to sufficiently allege his claims brought pursuant to the federal Fair Housing Act ("FHA"), 29 U.S.C. § 3604, and state law fraud theories against defendants West Oaks Housing LLC ("West Oaks"), his landlord, and the landlord's manager David Nemanpour ("Nemanpour") (collectively "Defendants"). The Court explained that because of his apparent difficulty to plead sufficient facts or legal theories supporting this Court's subject matter jurisdiction, Plaintiff may wish to consider filing his habitability claims in Los Angeles Superior Court, which would have subject matter jurisdiction over such claims.

Rather than pursue state law theories in Los Angeles Superior Court, including under the California's Unruh Act, California Civil Code § 51, and the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12955-12956.2, Plaintiff filed a First Amended Complaint ("1st AC") in which he continued to assert a claim pursuant to the FHA and a state law claim for fraud. Because Plaintiff submitted an Application to Proceed In Forma ("IFP Application") when he filed the original Complaint, the Court reviewed the 1st AC to assess whether it stated a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court, in a March 11, 2024 Minute Order, concluded, as it did when it dismissed the original Complaint, that Plaintiff's 1st AC did not allege any viable claims over which the Court possesses subject matter jurisdiction. The Court's March 11, 2024 Minute Order dismissed the 1st AC's FHA and fraud claims with leave to amend. The Court gave Plaintiff an opportunity to file a Second Amended Complaint ("2nd AC") by no later than April 1, 2024. The Court warned Plaintiff that the failure to file a 2nd AC with a viable FHA claim by April 1, 2024, would result in the dismissal of the action or the Court concluding that further leave to amend would be futile and dismissing the FHA claim without leave to amend. The Court additionally noted in its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9808 PA (ASx) | Date | April 15, 2024 |
|---|---|---|---|
| Title | David Winters v. West Oaks Housing LLC, et al. | | |

March 11, 2024 Minute Order that when it denied Plaintiff's first IFP Application without prejudice and directed Plaintiff to file a new IFP Application with the 1st AC, Plaintiff did not file a new IFP Application with the 1st AC.  The Court therefore ordered Plaintiff to file a new IFP Application with any 2nd AC he elected to file in this Court and warned that his failure to file a new IFP Application could result in dismissal of this action.

      Despite the expiration of the April 1, 2024 deadline for Plaintiff to file a 2nd AC and a new IFP Application, Plaintiff has not filed anything with the Court.  The Court therefore concludes that Plaintiff has elected to stand on the FHA allegations contained in his 1st AC and that any further leave to amend would be futile.  As a result, the Court dismisses Plaintiff's FHA claim without leave to amend and with prejudice.  The Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a).  Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies."  Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994).  The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  Here, the Court has resolved all of the federal claims over which it has original jurisdiction.  Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  See 28 U.S.C. § 1367(c)(3).

      For all of the foregoing reasons, the Court dismisses Plaintiff's FHA claim with prejudice.  The Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses those claims without prejudice.  Pursuant to 28 U.S.C. § 1367(d), this Order acts to toll the statute of limitations on the state law claims for a period of thirty (30) days, unless state law provides for a longer tolling period.  The Court will issue a Judgment consistent with this Order.

      IT IS SO ORDERED.